Davey v. Curry.

---

FRANK P. DAVEY ET AL., APPELLEES, v. A. B. CURRY ET AL., APPELLANTS.

FILED APRIL 17, 1914. No. 17,605.

Appeal: SUFFICIENCY OF EVIDENCE. The evidence considered in the light of the circumstances shown, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Kingsbury & Hendrickson,* for appellants.

*J. J. McCarthy, contra.*

Davey v. Curry.

FAWCETT, J.

The controversy between the parties to this action is substantially this: Plaintiffs sold to defendant A. B. Curry the north half of the southwest quarter and the southwest quarter of the northwest quarter of section 2, township 30, range 5, in Dixon county, containing 120 acres, "more or less, according to government survey," for $6,500. When the time came to conclude the transaction, some question arose as to a strip 7½ feet wide and 80 feet long, along the north side of the tract, over which it was thought that one William Millie claimed a right of way or easement as an outlet from his farm to the public highway. Defendants claim that plaintiffs were to either obtain a quitclaim deed for this strip or have the claim for right of way set aside by a court proceeding on the ground of nonuse by Millie. Defendant Curry retained $1,500 of the agreed purchase price of the land as a guarantee that plaintiffs would carry out this agreement. Plaintiffs did not obtain a quitclaim deed, nor have Millie's right canceled by any court proceeding, and brought suit to collect the $1,500 which defendants had retained. Defendants filed an answer and cross-petition in which they claimed damages, by reason of nonperformance by plaintiffs of their oral agreement, in the sum of $1,500. There was a trial to the district court without the intervention of a jury. The trial court found there was due to plaintiffs on their contract of sale the sum of $1,679.37; that there was due to defendant, by reason of the easement above referred to, the sum of $100, and entered judgment for plaintiffs for the balance of $1,579.37. Defendants appeal.

The only error assigned and argued in the brief is that "the damages allowed by the court are inadequate." We have examined the record and are unable to sustain this contention. On the contrary, we think the evidence is sufficient, when considered in the light of the circumstances shown, to sustain the judgment. It is therefore

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.